IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delfina Moreno,<br><br>          Plaintiff,<br><br>v.<br><br>Michael J Astrue, Commissioner of the Social Security Administration,<br><br>          Defendant. | No. CV-2010-403-TUC-AWT (CRP)<br><br>**REPORT AND RECOMMENDATION** |

      Plaintiff is a former packing line worker who alleges disability beginning December 31, 2003 due to disabling back and ankle pain. (Administrative Record "AR" 42, 53).[1] She was 55 years old on the date of alleged disability and has a sixth grade education. Plaintiff applied for social security disability insurance benefits and supplemental security income. An administrative law judge ("ALJ") issued an unfavorable decision on October 16, 2009. (AR 9). This decision became the Commissioner's final decision when the Social Security Appeals Council denied review on June 17, 2010. (AR 3).

      Plaintiff brings this action for judicial review pursuant to 42 U.S.C. § 405(g). (Doc. 1). The issues are briefed. (Docs. 17, 18, 19). Oral argument was not requested and this case is ready for adjudication. For the reasons stated below, the Magistrate Judge recommends the Commissioner's decision be reversed and this case remanded to the Commissioner for an award of benefits.

---

[1] Plaintiff initially claimed disability onset date of June 1, 1998 but later amended that date. (AR 15, 53, 42).

## I.     Standard of Review

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision denying benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.* (citation omitted).

## II.    Discussion

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show she has not worked since the alleged disability onset date, she has a severe impairment, and her impairment meets or equals a listed impairment or her residual functional capacity ("RFC") precludes her from performing past work. Where the claimant meets her burden, the Commissioner must show that the claimant is able to perform other work. 20 C.F.R. § 404.1520.

Plaintiff has not worked since well-before her alleged onset date of December 31, 2003. (AR 17). Plaintiff has severe impairments of degenerative disc disease of the lumbar spine and right peroneal tendon tear. (AR 17). The ALJ found Plaintiff not disabled at step four of the evaluation process, concluding Plaintiff could perform past relevant work.

Plaintiff alleged five errors in her appeal to this Court. (Doc. 17). Three of the errors focused on the ALJ's analysis of the physicians' opinions. The other two errors focused on whether the ALJ erred in including fast food cook and laundry worker in Plaintiff's past relevant work. (Doc. 17). In response, the Commissioner conceded the ALJ erred in evaluating some of the physicians' opinions and in finding Plaintiff had past relevant work as a fast food cook and laundry worker but argued the errors were harmless. (Doc. 18). Remaining at issue is whether Plaintiff can perform past relevant

work as a packing line worker as generally performed, not as actually performed. If she cannot perform that job, the second issue is whether the ALJ's errors require a remand for further evaluation or whether given Plaintiff's age, education, and limitations, she is disabled at step five under the Medical-Vocational Guidelines.

**A. The ALJ erred in his analysis of the physicians' opinions**

The ALJ gave great weight to the opinions of treating physician Dr. Freebourn and reviewing agency physician Dr. Kattapong. Plaintiff argues the ALJ omitted parts of these opinions that conflicted with his determination that Plaintiff had no restrictions in her ability to sit and stand. Plaintiff is correct. The ALJ also gave little weight to examining physician Dr. Thrasher. Plaintiff argues this decision is not supported by substantial evidence and she is correct.

In determining Plaintiff's Residual Functional Capacity ("RFC"), the ALJ stated Plaintiff could:

> Perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant should avoid climbing ropes, ladders and scaffolds and should avoid unprotected heights and hazardous machinery. The claimant may only occasionally climb, balance, stoop, kneel, crouch or crawl. *The claimant has no restrictions on her ability to sit or stand.* The claimant suffers from moderate pain in her neck, back, arms and shoulders, primarily on the right side of her body, but this pain is controlled by medication without significant adverse side effects.

(AR 18) (emphasis added). This RFC fails to reflect the limitations identified by all three doctors in Plaintiff's ability to sit and stand for prolonged periods of time. This is a critical error because the ALJ determined Plaintiff could perform her past relevant work as a packing line worker as it is generally performed, requiring six or more hours of standing in a workday. (AR 400); *see also* DICOT 753.687-038, 1991 WL 680354.

As Plaintiff's treating physician, Dr. Freebourn is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir.1989). His opinion regarding the severity and limiting effects of Plaintiff's impairments is therefore entitled to "special weight," and if

the ALJ chooses to disregard the opinion, he must "set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir.1988) (internal citation omitted).

The ALJ gave "great weight" to the opinion of Dr. Freebourn but then failed to address his differences with that opinion. (AR 20). According to the ALJ, Dr. Freebourn's treatment notes showed that Plaintiff's impairments should be treated conservatively, he did not recommend surgery for her and she experienced pain relief through injections and prescription medications. (AR 20). The ALJ's characterization of Dr. Freebourn's treatment notes is not entirely accurate and it discounts significant limitations identified by Dr. Freebourn as Plaintiff's treating physician.

To begin, Dr. Freebourn did refer Plaintiff to a surgeon for her ankle problems and Plaintiff did have surgery on her ankle. (AR 308). Many months post-surgery, Plaintiff was still having significant pain and swelling in her ankle. (AR 326, 325). The ALJ is correct that Dr. Freebourn prescribed medications and physical therapy for Plaintiff's back pain but he consistently stated in his treatment notes that Plaintiff continued to be in pain and did not experience significant and consistent reduction in pain. (167, 168, 162-165, 326). For example, Plaintiff reported to Dr. Freebourn that she had difficultly sitting on her right side and had to lean to left when she sitting down (AR 167); she was in severe and constant pain (AR 167); Dr. Freebourn observed Plaintiff appeared to be in a "moderate amount of distress" (AR 168); Dr. Freebourn found Plaintiff "frequently ha[d] to move positions due to pain" (AR 326).

The ALJ's determination that Plaintiff had no limitation in standing and sitting is not supported by Dr. Freebourn's treatment notes. The ALJ erred when he gave Dr. Freebourn's opinion great weight but then failed to address why he ignored the ample evidence from Dr. Freebourn that Plaintiff had significant limitations and pain related to her back and ankle. Specifically, Dr. Freebourn's treatment notes about Plaintiff's inability to sit or stand for prolonged periods of time are in direct conflict with the ALJ's RFC finding that Plaintiff had no restrictions for sitting and standing.

- 4 -

The ALJ's interpretation of reviewing physician Dr. Kattapong's assessment was similarly in error. The ALJ gave great weight to the opinion of Dr. Kattapong but he then misstated that opinion. (AR 20). While Dr. Kattapong opined Plaintiff could do light work, it was only with restrictions not acknowledged by the ALJ. In reviewing Plaintiff's record, Dr. Kattapong opined Plaintiff could only stand and sit for six hours in a workday. (AR 115). He also opined Plaintiff must periodically alternate sitting and standing to relieve pain or discomfort. (AR 115). He further explained "[t]his can be accommodated with normal breaks + lunch, together with brief stretches." (AR 115). The ALJ, in giving great weight to Dr. Kattapong's opinion, completely ignored these restrictions and determined Plaintiff could stand and sit *without restrictions*. (AR 18).

The ALJ cannot "pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." *Craig v.* Astrue, 269 Fed.Appx. 710, 712 (9th Cir.2008) (unpublished) (citing *Robinson v. Barnhart,* 366 F.3d 1078, 1083 (10th Cir.2004); *Switzer v. Heckler,* 742 F.2d 382, 385-86 (7th Cir.1984) (Secretary may not use only portions favorable to her decision and ignore other parts of the record). The ALJ erred in analyzing the opinion of Dr. Kattapong.

The ALJ committed further error in evaluating the opinion of examining physician Dr. Thrasher. Like the opinions from Drs. Freebourn and Kattapong, the ALJ selected the parts of Dr. Thrasher's opinion that were favorable to a denial of benefits and he ignored the parts not helpful to his own conclusions. The ALJ gave little weight to Dr. Thrasher's opinion about Plaintiff's limitations to stand but cited Dr. Thrasher's examination of Plaintiff and his subsequent Medical Source Statement about Plaintiff as support for his conclusion that Plaintiff could "perform work at the light exertional level with the requirements that the claimant sit during normal breaks and limit her use of her lower extremities in pushing and pulling foot controls." (AR 20, 19).

Dr. Thrasher examined Plaintiff in September 2007. (AR 122). Plaintiff complained to Dr. Thrasher of aggravated back pain when sitting or standing for prolonged periods of time. (AR 122). After performing an exam including a range of

motion test and reviewing x-rays, Dr. Thrasher opined Plaintiff had limitations that would impair her for twelve continuous months. (AR 122-126, 130, 131, 127). He further opined that she would have restrictions requiring her to stand or walk at least two hours a workday but no more than four hours. (AR 127). The ALJ discounted this standing limitation as not supported "by the objective findings in the record which shows that the claimant's impairments are mild in nature and by the claimant's" [sic]. (AR 20).

The ALJ's discounting of Dr. Thrasher's opinion was in error. Dr. Thrasher's opinion is consistent with both Drs. Freebourn and Kattapong who both identified Plaintiff's constant back and ankle pain that required alternating between sitting and standing and limitations in an ability to sit or stand for prolonged periods of time. It is also consistent with the other substantial evidence in the record. As an example, reports from employees at the Social Security Administration office showed Plaintiff was struggling with pain. In December 2006, Plaintiff was observed having "a really hard time sitting in the chair" and she "had to stand up several time [sic] to releave [sic] pressure on her body. She walked with a limp. Seemed to be in constant pain!" (AR 110). In April 2007, an SSA employee observed that Plaintiff did not sit down during her face to face interview because her back was hurting. (AR 81).

The ALJ's approach of "picking" and "choosing" the parts of the physicians' opinions that supported his conclusions was in error. The ALJ failed to provide legally sufficient reasons for discounting the parts of the physicians' opinions that were inconsistent with his RFC findings. This was not harmless error. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.2008) ("the court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." (quotation marks and citations omitted)). The ALJ's error in discounting portions of these physicians' opinions was critical to determining Plaintiff's accurate RFC. All three physicians identified standing and/or sitting limitations that directly impact Plaintiff's ability to do light and/or sedentary work.

### B. Past Relevant Work at Step Four

At step four of the evaluation process, the ALJ found Plaintiff had three prior jobs that qualified as past relevant work that she would still be able to perform. (AR 20). Plaintiff alleges, and the Commissioner essentially agreed, that the ALJ erred in determining Plaintiff had past relevant work as a fast food cook and a laundry worker. (Doc. 17, pp. 18, 10-11; Doc. 18, p. 12). The Magistrate Judge agrees. Plaintiff's work as a fast food cook was performed more than fifteen years prior to her date last insured or the date of adjudication; this work did not fall within the definition of past relevant work. 20 C.F.R. §§ 404.1560(b)(1), 404.1565(a). Also, Plaintiff did not perform her work as a laundry worker at the substantial gainful activity level, earning less than $500 per month in that job. *See* 20 C.F.R. § 404.1574a; (AR 51). The ALJ erred in finding either of these two jobs qualified as past relevant work.

### III. Remedy

Having decided to vacate the Commissioner's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick v. Chater,* 157 F.3d 715, 728 (9th Cir.1998). In *Smolen v. Chater,* the Ninth Circuit held that evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. 80 F.3d 1273, 1292 (9th Cir.1996); *see Varney v. Sec. of Health & Human Servs.,* 859 F.2d 1396, 1400 (9th Cir.1988) ( *Varney II* ) ("In cases where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's excess pain testimony were credited, we will not remand solely to allow the ALJ to make specific findings regarding that testimony."); *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir.1989)

(same); *Rodriguez v. Bowen,* 876 F.2d 759, 763 (9th Cir.1989) ("In a recent case in which the ALJ failed to provide clear and convincing reasons for discounting the opinion of the claimant's treating physician, we accepted the physician's uncontradicted testimony as true and awarded benefits.") (citing *Winans v. Bowen,* 853 F.2d 643, 647 (9th Cir.1988)); *Hammock v. Bowen,* 879 F.2d 498, 503 (9th Cir.1989) (extending *Varney II's* "credit as true" rule to a case with outstanding issues where the claimant already had experienced a long delay and a treating doctor supported the claimant's testimony).

Since *Varney* was decided, the overwhelming authority in this Circuit makes clear that the "credit as true" doctrine is mandatory. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995); *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996); *Reddick v. Chater,* 157 F.3d 715, 729 (9th Cir.1998); *Harman v. Apfel,* 211 F.3d 1172, 1178 (9th Cir.2000); *Moore v. Comm'r of Soc. Sec.,* 278 F.3d 920, 926 (9th Cir.2002); *McCartey v. Massanari,* 298 F.3d 1072, 1076–77 (9th Cir.2002); *Moisa v. Barnhart,* 367 F.3d 882, 887 (9th Cir.2004); *Benecke v. Barnhart,* 379 F.3d 587, 593–95 (9th Cir.2004); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir.2007); *Lingenfelter v. Astrue,* 504 F.3d 1028, 1041 (9th Cir.2007).

In this case, the ALJ failed to provide legally sufficient reasons for rejecting the physicians' opinions about Plaintiff's limitations in standing and sitting and the need to alternate between those positions. Treating physician Dr. Freebourn noted Plaintiff "frequently ha[d] to move positions due to pain" (AR 326). Reviewing physician Dr. Kattapong opined Plaintiff was limited to a maximum of six hours sitting or standing in a workday and that Plaintiff would need to alternate between sitting and standing using "normal breaks + lunch, together with brief stretches." (AR 115). Examining physician Dr. Thrasher limited Plaintiff to standing a maximum of four hours in a workday. (AR 127). While the physicians do not necessarily agree on the maximum time Plaintiff can spend standing and/or sitting, they are all consistent in finding Plaintiff has significant restrictions.

Plaintiff's only past relevant work was that of a packing line worker. As she actually performed it, she stood for eight hours a day. (AR 400). Crediting as true the

opinions of all three physicians, Plaintiff could not perform that work with her standing and sitting limitations and the need to alternate between standing and sitting. Given all the evidence from the record, it is also evident Plaintiff could not perform the job of packing line worker as it is generally performed, requiring standing for six hours a day. Even Dr. Kattapong, who opined Plaintiff could stand for a maximum of six hours in a workday, also found that Plaintiff would need to have additional breaks to alternate between sitting and standing.

"[M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." SSR 83-12, 1983 WL 31253, *4. Working as a packer in a factory line is not a job that enables Plaintiff to alternate between sitting and standing and to stand fewer than six hours. When the physicians' opinions are credited as true, Plaintiff could not perform this job.

Plaintiff cannot perform her past relevant work and she is unable, at step five of the evaluation process, to perform other jobs in the national economy. Plaintiff was 55 years old on her amended alleged onset date of disability. (AR 354). Under the guidelines, she is a person of "advanced age", which "significantly affects [her] ability to adjust to other work." 20 C.F.R. § 404.1563(e). A person of advanced age that is limited to sedentary or light work, is found unable to adjust to other work unless that person has skills that can transfer to other skilled or semiskilled work. 20 C.F.R. § 404.1568(d)(4).

The vocational expert testified that Plaintiff's past relevant work was unskilled. (AR 396). Plaintiff has a sixth grade education. (AR 359). As stated in the Medical-Vocational Guidelines:

> For individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity, or who have no work experience, the limitations in vocational

adaptability represented by functional restriction to light work warrant a finding of disabled. Ordinarily, even a high school education or more which was completed in the remote past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education.

20 CFR Pt. 404, Subpt. P, App. 2, Rule 202.00(c). Under the Medical-Vocational Guidelines, Plaintiff is of advanced age with limited education and prior unskilled worked; she is disabled. 20 CFR Pt. 404, Subpt. P, App. 2, Rule 202.01, Table No.2. There are no outstanding issues that need to be resolved. When crediting as true the opinions of the physicians and considering the record as a whole, it is clear the ALJ would be required to find the claimant disabled.

### IV.    Recommendation

The Magistrate Judge recommends the decision of the Commissioner be reversed and this case be remanded for an immediate award of benefits. Pursuant to 28 U.S.C. § 636(b)(1)(B) and the Rules of this Court, the parties may serve and file written objections within fourteen days of being served a copy of this report and recommendation. The parties are advised that any objections filed are to be identified with the following case number: **cv-10-403-AWT**.

Dated this 11th day of February, 2013.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE